UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY C. WISE,

        Plaintiff,

                                            Case No. 10-CV-11438

v.

                                            HON. GEORGE CARAM STEEH

STATE OF MICHIGAN,

        Defendant.

_____/

### OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (#7)

Plaintiff Larry Wise, appearing pro se, filed this suit against the State of Michigan alleging various civil rights violations relating to his March 10, 2005 involuntary commitment for mental health treatment and seeking a declaratory judgment finding portions of the Mental Health Code of Michigan, MCL §§330.1401 and 330.1427, unconstitutional. Plaintiff's January 7, 2011 filing appears to also allege MCL §330.1245 is unconstitutional. Plaintiff was the subject of an involuntary commitment for mental health treatment by Argentine Township police officers after officers found a loaded gun in plaintiff's home and reported that plaintiff was acting aggressively towards his family. On December 27, 2007, plaintiff brought a lawsuit naming the officers, physicians, and hospital involved in his commitment. His claims were dismissed with prejudice on July 20, 2009.

On April 12, 2010, plaintiff filed this lawsuit. While his claims are not well-defined, it appears plaintiff asserts violations of the Fourth, Eighth, and Fourteenth Amendments and Article VI of the Constitution arising out of his involuntary commitment and requests that this court declare portions of Michigan's Mental Health Code unconstitutional.

Defendant filed a motion to dismiss arguing: (1) Eleventh Amendment immunity requires dismissal of plaintiff's 42 U.S.C. § 1983 claims; (2) plaintiff's § 1983 claims and claims based on violations of the Fourth and Fourteenth Amendments are time-barred as more than three years has passed since plaintiff's involuntary commitment; and (3) a declaratory judgment is improper in this case as it would provide an end-run around the State's Eleventh Amendment immunity. Plaintiff responded to the motion. The court finds that oral argument is not necessary. See Local Rule 7.1(f).

In deciding a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in favor of the plaintiff, accept the factual allegations as true, and determine whether the allegations present plausible claims. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). The pleading must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. Although the complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level[.]" Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Twombly, 127 S. Ct. at 1965). The court should first identify any conclusory allegations and bare assertions that are not entitled to an assumption of truth, then consider the factual allegations that are entitled to a presumption of truth and determine if they plausibly suggest entitlement to relief. Ashcroft v. Iqbal, — U.S. — ; 129 S.Ct. 1937, 1951 (2009). Id. The well-pleaded facts must permit an inference of more than a mere possibility of misconduct. Id. at 1950.

First, defendant argues that Eleventh Amendment immunity bars plaintiff's 42 U.S.C. § 1983 claims. Eleventh Amendment immunity bars a § 1983 lawsuit brought by a citizen

against his own state and state officials acting in their official capacities unless the state waives its immunity.  Wolfel v. Morris, 972 F.2d 712, 718 (6th Cir. 1992).  With regard to § 1983 suits, Congress has not expressly abrogated Eleventh Amendment immunity by statute, Quern v. Jordan, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court.  Abick v. Michigan, 803 F.2d 874, 877 (6th Cir. 1986).  Further, states and state officials acting in their official capacities are not "persons" subject to suit under § 1983.  Wolfel, 972 F.2d at 718 (citing Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989)).  Congress never intended that immunity be waived to permit suit under § 1983, nor that the State of Michigan constitute a "person" under § 1983.  Plaintiff is a citizen of the State of Michigan and has filed a lawsuit against the State of Michigan.  As such, any claims based on § 1983 are dismissed.

Second, defendant argues plaintiff's § 1983 claims and claims based on violations of the Fourth and Fourteenth Amendments are time-barred as more than three years has passed since plaintiff's March 2005 involuntary commitment.  As there is no applicable "statute of limitations governing § 1983 actions, 'federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought.'"  Wolfe v. Perry, 412 F.3d 707, 713-14 (6th Cir. 2005), quoting Banks v. City of Whitehall, 344 F.3d 550, 553 (6th Cir. 2003).  The statute of limitations for personal injury claims in Michigan is three years.  Id. at 714.  Defendant cites authority for the application of this statute of limitations period to alleged violations of the Fourth and Fourteenth Amendments *within the context of a § 1983 action*.  Defendant did not bring any authority to the court's attention applying the § 1983 time limit to the constitutional claims as stated by plaintiff pertaining to his request for declaratory relief.  The accrual date of the § 1983

cause of action is a question of federal law.  Wallace v. Kato, 549 U.S. 384, 388 (2007). Accrual occurs "when the plaintiff has a complete and present cause of action.'"  Id., quoting Bay Area Laundry and Dry Cleaning Pension Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997).  Defendant argues plaintiff's § 1983 claims accrued when he was involuntarily committed for mental health treatment on March 10, 2005.

In response to the time bar arguments, plaintiff argues: (a) the filing of his earlier action tolled the statute of limitations; (b) the limitations period has not started because he is legally incapacitated; and (c) the statute of limitations does not apply to bar all of his claims because he brought his claims pursuant to 28 U.S.C. § 1331 rather than 42 U.S.C. § 1983.  The filing of plaintiff's earlier action did not toll the statute of limitations because MCL 600.5856 does not apply – the same parties are not present in the two actions and plaintiff's first action was adjudicated on the merits.  Plaintiff's argument that the statute of limitations should be tolled because he is legally incapacitated also fails.  Plaintiff cites MCL 600.5851 in support of his argument.  Section 5851(1) provides that a plaintiff shall have one year after the disability is removed to bring an action although the limitations period has run.  Section 5851(2) defines the disability of insanity as "a condition of mental derangement such as to prevent the sufferer from comprehending rights he or she is otherwise bound to know and is not dependent on whether or not the person has been judicially declared to be insane."  The disability must be continuous and plaintiff has the burden of demonstrating he is entitled to the benefit of the statute.  In English v. Bousamra, 9 F. Supp. 2d 803, 809 (W.D. Mich. 1998), the court distinguished between the "broader definition of insanity" and the § 5851(2) definition and found the plaintiff was not insane under the latter definition as he had "made statements and inquiries pertaining to his legal

rights and about the circumstances of the accident," suggesting he could comprehend his rights. Throughout this proceeding and throughout the 2007 companion case, plaintiff has appeared aware of his legal rights and claims. He drafted complaints, motions, and briefs relating to his claims. He has also appeared fully aware of the possibility that his claims would be time-barred. Indeed, a month into the 2007 case, he filed a motion seeking to toll the statute of limitations. His motion was denied. The claims he asserted in that case were thoroughly reviewed and were dismissed after 19 months of litigation and a number of dispositive motions. The claims asserted in this case arise from the same set of facts and plaintiff even admits that "limits may have run on a §1983 claim." Plaintiff claims he is still legally incapacitated, but has not presented evidence sufficient to satisfy this court that he is insane under § 5851(1)'s definition. At least by the time he filed his 2007 action, plaintiff appeared able to comprehend his legal rights. Thus, plaintiff has not made a showing sufficient to justify tolling the statute of limitations on the basis of insanity.

Plaintiff also states that even if the statute of limitations applies, only his § 1983, rather than § 1331, claims are barred. 28 U.S.C. § 1331 is a jurisdictional statute, but plaintiff is correct that defendant has not explained how <u>all</u> of plaintiff's claims are time-barred. The only authority cited by plaintiff relates to § 1983. Thus, the court finds any § 1983 claims asserted by plaintiff are time-barred. If defendant believes there is a limitations argument to be made with respect to plaintiff's declaratory judgment claim, defendant may file a dispositive motion on such basis.

Third, defendant argues that granting plaintiff's request for declaratory relief would provide an end-run around defendant's Eleventh Amendment immunity prohibiting damage awards. Defendant argues plaintiff could use a declaratory judgment as a determination

of liability in a state court action for damages, violating the Eleventh Amendment. Defendant cites four cases finding a declaratory judgment was not an available remedy to challenge a state statute. In Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 301 (1943), the Supreme Court found a declaratory judgment was not appropriate to obtain a determination of the constitutionality of a state tax. The Court noted that there was a state procedure for maintaining a suit in state court following the payment of a challenged tax and that the taxpayer could eventually seek review of his federal rights by the Court. In Samuels v. Mackell, 401 U.S. 66, 73 (1971), the Court determined that a federal declaratory judgment action was improper when there was a pending state criminal case on the same matter. In Green v. Mansour, 474 U.S. 64, 73 (1985), the Court declined to hear a declaratory judgment claim because there was no continuing violation or threat of future violation as the challenged law had been amended. In Public Service Comm'n of Utah v. Wycoff, 344 U.S. 237, 248 (1952), the plaintiff sought a declaration concerning whether its business was interstate commerce, which would lift the decision out of the state agency before the agency had made a determination. The Court stated plaintiff was attempting "to ward off possible action of the petitioners by seeking a declaratory judgment to the effect that he will have a good defense when and if that cause of action is asserted." Because there was no controversy ready for review, the Court found declaratory relief inappropriate. In this case, the statute at issue is still in effect and there is no pending state matter that would render federal review inappropriate. Defendant states that there is a state statutory scheme and a state agency to administer the statute but does not explain the significance of these details further. The concern expressed by defendant that plaintiff's declaratory judgment claim would provide an end-run around the Eleventh Amendment has

no merit under the circumstances presented in this case and thus does not bar the claim.[1]

The court denies defendant's request to dismiss plaintiff's declaratory judgment claim at this time, but does so without prejudice to a subsequent motion by defendant addressing possible time-bar arguments and standing deficiencies. For the reasons set forth above, defendant's motion to dismiss is GRANTED with respect to any § 1983 claims and DENIED with respect to plaintiff's declaratory judgment claim.

Dated: March 29, 2011

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and
Larry Wise, P.O. Box 356, Byron, MI 48418 on
March 29, 2011, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---

[1] Defendant also makes the conclusory statement that plaintiff lacks standing to bring a facial attack claim on behalf of third parties. While plaintiff may lack standing to bring such a claim, defendant has not explained its standing argument or provided authority on which the court may base such a finding. Defendant cites, without further explanation, Amelkin v. McClure, 205 F.3d 293, 296 (6th Cir. 2000), which merely states that facial challenges to legislation are normally rejected. Defendant may further address, and provide authority for, its standing argument in a subsequent dispositive motion.