UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY C. WISE,

                    Plaintiff,

                                                    Case No. 10-CV-11438

v.

                                                    HON. GEORGE CARAM STEEH

STATE OF MICHIGAN,

                    Defendant.

_____/

ORDER DISMISSING SHOW CAUSE ORDERS (#23 AND #26),
DENYING DEFENDANT'S MOTION TO DISMISS/FOR MORE DEFINITE
STATEMENT (#25), DENYING PLAINTIFF'S REQUEST FOR DEFAULT (#24),
AND SCHEDULING DEADLINES

On March 29, 2011, the court issued an opinion and order granting in part and denying in part defendant's motion to dismiss. After issuance of the opinion, plaintiff's declaratory judgment claim remained. After defendant failed to file a responsive pleading by the deadline for such a pleading, the court issued an order to show cause ordering defendant to show cause in writing on or before June 10, 2011 why plaintiff is not entitled to a default judgment in his favor on his declaratory judgment claim. Defendant failed to file a response to the May 19, 2011 show cause order by the June 10, 2011 deadline. On May 19, 2011, plaintiff filed a request for default. Defendant also failed to respond to plaintiff's request for default.

After the court contacted defendant to ensure defendant was receiving electronic filings, on June 17, 2011, defendant filed a motion for more definite statement and motion to dismiss. Defendant's June 17, 2011 motion does not explain defendant's failure to file a responsive pleading to plaintiff's declaratory judgment claim in a timely manner. In the

motion, defendant asserts plaintiff's underlying Fourth Amendment claim in his request for declaratory judgment is untimely. Defendant asserted this argument in its first motion to dismiss and the court noted that defendant failed to "bring any authority to the court's attention" applying the time limit in the context of a request for declaratory relief. Thus, on June 23, 2011, the court issued an order to show cause ordering defendant to show cause on July 7, 2011 why it should not be held in contempt for failing to file a timely response to plaintiff's remaining claim or otherwise file a properly supported motion. The court also set a status conference for July 7, 2011.

On June 28, 2011, Darrin Fowler substituted in as the attorney for defendant. The following day, defendant filed an answer to the complaint and affirmative defenses. Defendant also filed a response to the order to show cause, requesting that the court accept the answer filed and deny plaintiff's request for default. The affidavit attached to the response explains that the attorney previously handling the case is on medical leave and that the division chief of the Health, Education, & Family Services Division of the Michigan Attorney General's Office will be monitoring this case going forward.

Now, therefore,

IT IS HEREBY ORDERED that the orders to show cause be DISMISSED, plaintiff's request for default be DENIED, defendant's motion for more definite statement be DENIED as moot, defendant's motion to dismiss be DENIED without prejudice for failure to provide meaningful authority to support the assertion that the declaratory judgment claim is time-barred, and defendant is allowed thirty days to file a subsequent motion to dismiss or motion for summary judgment.

Dated:  July 7, 2011

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 7, 2011, by electronic and/or ordinary mail and on Larry
Wise at P.O. Box 356, Byron, MI 48418.

s/Marcia Beauchemin
Deputy Clerk