UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY C. WISE,

        Plaintiff,

v.

                                Case No. 10-CV-11438

                                HON. GEORGE CARAM STEEH

STATE OF MICHIGAN,

        Defendant.

_____/

### OPINION AND ORDER GRANTING DEFENDANT'S SECOND CONSOLIDATED MOTION TO DISMISS (#35)

Plaintiff Larry Wise, appearing pro se, filed this suit against the State of Michigan alleging various civil rights violations relating to his March 10, 2005 involuntary commitment for mental health treatment and seeking a declaratory judgment finding portions of the Mental Health Code of Michigan, MCL §§330.1401, 330.1245, and 330.1427, unconstitutional. Plaintiff was the subject of an involuntary commitment for mental health treatment by Argentine Township police officers after officers found a loaded gun in plaintiff's home and reported that plaintiff was acting aggressively towards his family. On December 27, 2007, plaintiff brought a lawsuit naming the officers, physicians, and hospital involved in his commitment. His claims were dismissed with prejudice on July 20, 2009. On April 12, 2010, plaintiff filed this lawsuit. While his claims are not well-defined, it appears plaintiff asserts violations of the Fourth, Eighth, and Fourteenth Amendments and Article VI of the Constitution arising out of his involuntary commitment and requests that this court declare portions of Michigan's Mental Health Code unconstitutional.

On March 29, 2011, the court issued an order granting in part and denying in part

defendant's first motion to dismiss. The court dismissed claims based on 42 U.S.C. § 1983 but allowed plaintiff to proceed with his declaratory judgment claim. The court noted that defendant did not fully address all of the arguments raised in its motion to dismiss and provided that defendant could bring a subsequent dispositive motion.

After defendant failed to answer the remaining declaratory judgment claim and the court issued an order to show cause, defendant filed a motion to dismiss/for more definite statement. The court issued another order to show cause and defendant filed a response and an answer to plaintiff's claim. On July 7, 2011, the court denied defendant's motion to dismiss without prejudice for failure to provide meaningful authority to support its argument. The court provided defendant with an additional thirty days to file a subsequent motion to dismiss or motion for summary judgment.

On September 1, 2011, defendant filed a second consolidated motion to dismiss with supporting brief. In its motion, defendant argues: (1) Eleventh Amendment immunity applies to bar plaintiff's claim; and (2) plaintiff fails to state a declaratory judgment claim. Plaintiff filed a response to the motion. The court finds that oral argument is not necessary. See Local Rule 7.1(f).

The Eleventh Amendment bars claims filed in federal court against a state and its agencies where there is no express waiver or Congressional abrogation. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 73 (1996). A court may raise an Eleventh Amendment issue *sua sponte*. Nair v. Oakland County Community Mental Health Auth., 443 F.3d 469, 474 (6th Cir. 2006). "There are three exceptions to a State's sovereign immunity: (a) when the State has consented to suit; (b) when the exception first set forth in Ex parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908), applies; and (c) when Congress has

properly abrogated a State's immunity." S&M Brands, Inc. v. Cooper, 527 F.3d 500, 507 (6th Cir. 2008).  Here, the State has not consented to suit and the Declaratory Judgment Act does not explicitly authorize suits against a State.  In addition, the Ex parte Young exception does not apply.  The Ex parte Young exception allows federal courts, in suits stating a cause of action, to grant prospective injunctive and declaratory relief compelling a *state official* to comply with federal law.  S&M, Inc., 527 F.3d at 509.  Because plaintiff brings his suit against the Michigan Legislature instead of the officials charged with enforcing the relevant provisions of the Michigan Mental Health Code, he has failed to invoke any exception to the State of Michigan's sovereign immunity.  His declaratory judgment claim is therefore barred by the Eleventh Amendment.

Defendant also requests costs and fees for having to defend plaintiff's suit.  Given defendant's delay in filing this motion and in providing legal authority to the court showing dismissal is appropriate, the court finds defendant is not entitled to costs and fees at this time.

For the reasons set forth above, defendant's second motion to dismiss is GRANTED and plaintiff's case is DISMISSED.[1]

Dated:  September 27, 2011

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

[1] As plaintiff's claim is barred by Eleventh Amendment immunity, the court need not address defendant's argument that plaintiff fails to state a claim for declaratory relief.  In addition, given the dismissal of plaintiff's action, plaintiff's motion for a declaration of rights (#14) and plaintiff's motion for a default (#33) are denied as moot.

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and
Larry Wise, P.O. Box 356, Byron, MI 48418 on
September 27, 2011, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk